# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: R.S. II and T.S.**

**No. 12-1433** (Mason County 11-JA-50 & 51)

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Tanya Hunt Handley, from the Circuit Court of Mason County which terminated her parental rights by order entered on November 8, 2012. The guardian ad litem for the children, Barry Casto, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, the DHHR filed the abuse and neglect petition against the children's parents. The petition alleged abuse and neglect by the parents through Petitioner Mother's alcoholism and the father's homelessness and lack of income. Throughout the course of these proceedings, the circuit court granted both parents extended improvement periods. The parents were provided services and visitation through their improvement periods. One of the terms of the father's improvement period was to obtain proper housing and comply with services. Although the father resided much of the time at a homeless shelter, his residency was unknown after September of 2012 when he also discontinued his contact and services with the DHHR. Petitioner Mother was inconsistent with her services and treatment for her alcoholism and continued to live with a boyfriend who had previously stabbed her twice. In November of 2012, the circuit court entered its order revoking both parents' improvement periods and terminating their parental rights to the subject children. It is from this order that Petitioner Mother appeals.

Petitioner Mother argues three assignments of error. First, she argues that the circuit court erred in finding that she had not successfully completed the requirements of her improvement period. She asserts that she fully participated with all available services and requirements. Second, Petitioner Mother argues that the circuit court erred in finding no reasonable likelihood that the conditions of abuse and neglect could be corrected. In support, she argues that she is no longer dependent on alcohol and is able to care for her children. Lastly, Petitioner Mother argues that the circuit court erred in terminating her parental rights rather than instituting a less restrictive means. She argues that the circuit court should have terminated only her custodial rights to the children.

1

In response, the children's guardian ad litem and the DHHR support the circuit court's revocation of Petitioner Mother's improvement period, its finding that there is no reasonable likelihood that the conditions of abuse and neglect will be corrected, and its ultimate termination of Petitioner Mother's parental rights. Both argue that although Petitioner Mother completed a twenty-eight-day detoxification program, she failed to remain at a subsequent long-term, residential, addiction treatment program. They both further argue that Petitioner Mother has involved herself in abusive relationships, including living with a boyfriend who has stabbed her twice. The guardian ad litem and the DHHR also raise that, on another occasion, Petitioner Mother did not attend a visit with her children because her boyfriend forbade her to go.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error with the circuit court's findings of fact in its determination to terminate Petitioner Mother's parental rights to the subject children. A review of the transcript for the October 11, 2012, hearing reflects testimony that Petitioner Mother has failed to obtain proper housing on her own and, rather, has continued to stay with an abusive boyfriend. A review of the hearing transcripts also reveals that Petitioner Mother has not succeeded in overcoming her alcoholism, which impedes her ability to parent the children. Our review indicates that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as

to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home cannot be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II